

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 28, 2013

Reid Weingarten, Esq.
Brian Heberlig, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

CR 13-5e -RLW

Re:   <u>Jesse L. Jackson, Jr.</u>

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Jesse L. Jackson, Jr. (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer expires on February 1, 2013.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.   <u>**Charges and Statutory Penalties**</u>

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging him with Conspiracy to Commit Wire Fraud, Mail Fraud, and False Statements, in violation of 18 U.S.C. § 371.

Your client understands that a violation of 18 U.S.C. § 371 carries a maximum sentence of 5 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(b)(3) & (d); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); an order of restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the

United States Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

2.    **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.    **Additional Charges**

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119, Title VI (Nov. 26, 1997), and will not file any claim under that law.

4.    **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A. Offense Level Under the Guidelines**

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | 6 |
| § 2B1.1(b)(1)(H) | Loss of More than $400,000 | 14 |
| § 2B1.1(b)(9)(A) | Misrepresentation (Political) | 2 |
| § 3B1.1(c) | Organizer/Leader - Other | 2 |
| § 3B1.3 | Abuse of Trust | +2 |
| | Total | 26 |

2

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

In accordance with the above, the parties agree that the applicable Guidelines Offense Level is 23.

### B.    Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client's Criminal History Category is estimated to be I.

### C.    Applicable Guidelines Range

Based upon the calculation set forth above, your client's stipulated Sentencing Guidelines range is 46 months to 57 months (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the Court impose a fine, at Guidelines level 23, the applicable fine range is $10,000 to $100,000.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Stipulated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided infra.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Plea Agreement. Should your client commit any conduct after the execution of this Plea Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not

3

limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court), the Government is free under this Plea Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5.      **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the Stipulated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

6.      **Reservation of Allocution**

Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

7.      **Court Not Bound by the Plea Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the

4

Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

8.    **Conditions of Release**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community.

9.    **Waiver of Rights**

Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client was found guilty after a trial, your client would have the right to appeal his conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up his right against self-incrimination.

Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

10.    **Restitution**

Your client agrees to pay restitution, if any, in an amount to be determined by the Court. 18 U.S.C. §§ 3663, 3663A. Payments of restitution shall be made to the Clerk of the Court. Your client agrees that he will submit a completed financial statement to the U.S. Attorney's Office, in a form

it provides and as it directs.  Your client promises that his financial statement and disclosures will be complete, accurate, and truthful.

Your client expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment.  If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs the participation or imposes a schedule of payments.

Your client certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that may be imposed upon him by the Court.  In addition, your client promises that he will make no such transfers in the future until he has fulfilled the financial obligations under this agreement.

11.    **Forfeiture**

Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Information to which he is pleading guilty.  Your client shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which he is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes.  The property subject to forfeiture includes a money judgment in the amount of $750,000.  Your client will be jointly and severally liable for the money judgment with any co-conspirators convicted of participating in the offense to which he is pleading guilty.  Your client agrees to the forfeiture of the specific assets listed below, as set forth in the Forfeiture Allegation in the Information to which he is pleading guilty:

The following items, purchased from Antiquities of Nevada:

| Item No. | Description | Purchase Date | Purchase Price |
|---|---|---|---|
| 9348 | Bruce Lee Memorabilia | 8/28/07 | $2,000 |
| 9527 | Bruce Lee Memorabilia | 8/28/07 | $2,000 |
| 12087 | Bruce Lee Memorabilia | 6/10/08 | $3,150 |
| 12498 | Martin Luther King, Jr. Memorabilia | 8/14/08 | $5,595 |
| 7915 | Bruce Lee Memorabilia | 8/14/08 | $2,955 |
| 12498 | Martin Luther King, Jr. Memorabilia | 9/23/08 | $5,535 |
| 12850 | Football signed by American Presidents | 2/12/09 | $5,000 |
| 14108 | Michael Jackson Memorabilia | 8/15/09 | $2,000 |
| 14110 | Michael Jackson Memorabilia | 8/15/09 | $4,600 |
| 14117 | Michael Jackson Memorabilia | 8/15/09 | $1,400 |
| 14017 | Michael Jackson Memorabilia | 8/15/09 | $2,000 |
| 14025 | Michael Jackson Memorabilia | 8/15/09 | $1,000 |
| 14106 | Michael Jackson Memorabilia | 8/15/09 | $1,200 |
| 14085 | Michael Jackson Memorabilia | 8/15/09 | $1,000 |
| 14227 | Michael Jackson Memorabilia | 8/15/09 | $1,000 |
| 558 | Michael Jackson Hat | 11/4/09 | $3,900 |
| 14123 | Michael Jackson and Eddie Van Halen Guitar | 11/10/09 | $4,000 |
| 14688 | Malcom X Memorabilia | 2/8/10 | $2,200 |
| 5882 | Jimi Hendrix Memorabilia | 3/13/10 | $2,775 |
| 14043 | Michael Jackson Fedora | 3/20/10 | $4,600 |

The following items, purchased from Edwards Lowell Furrier and Fur Shop:

| Item No. | Description | Purchase Date | Purchase Price |
|---|---|---|---|
| 7063 | Mink Cashmere Cape | 11/14/09 | $800 |
| 53032 | Black and Red Cashmere Cape | 11/14/09 | $1,500 |
| 6477 | Mink Reversible Parka | 11/14/09 | $1,200 |
| 1500 | Black Fox Reversible | 11/14/09 | $1,500 |

The United States agrees that the net value (amount obtained by sale of the item, minus any costs incurred in seizing, storing, and disposing of such property) of any of your client's assets forfeited to the United States will be credited towards the money judgment. In the event that the value of any specific property declared forfeited to the United States is determined to be minimal, such that it is not in the interest of the United States to dispose of the property through sale, the defendant consents to the destruction of such property by a law enforcement agency. Any property disposed of through destruction will not be credited towards the money judgment.

Your client acknowledges that the government can seek to forfeit substitute property of your client under 21 U.S.C. § 853(p) in order to satisfy the money judgment. Your client agrees and stipulates that there is a factual basis to forfeit substitute property under section 853(p)(1)(B). Your client admits that during and after the course of the conspiracy to which he is pleading guilty, he transferred, sold, or deposited with a third party assets he had purchased using proceeds of this offense. Your client consents to the forfeiture of any of your client's property not specifically listed in this plea agreement up to the value of the balance on the money judgment.

Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court shall enter a Consent Order of Forfeiture at the time of his guilty plea. Your client waives the provisions of (a) Federal Rule of Criminal Procedure 11(b)(1)(J) regarding discussion of forfeiture during the plea colloquy; and (b) Federal Rule of Criminal Procedure 32.2(b)(4)(B) regarding notice of the forfeiture and inclusion in the judgment.

Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since August 2005, or in which your client has or had during that time any financial interest. This includes all retirement, investment, and trust accounts. Your client will complete and provide to the undersigned Assistant United States Attorneys a standard financial disclosure form, which has been provided to you with this plea agreement, within 10 days of the execution of this plea agreement. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to

provide and/or consent to the release of your client's tax returns for the previous eight years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.  Your client consents to the United States conducting discovery under Federal Rule of Criminal Procedure 32.2(b)(3) for the purpose of identifying, locating, and disposing of property subject to forfeiture.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victims of the offense and credited against any restitution order entered in this case.

12.   **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.  In the event of such a breach:  (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws his guilty plea.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  Your client further understands and agrees that the Government need only prove a violation of federal, state, or local

criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

13.     **Waiver of Statute of Limitations**

It is further agreed that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

14.     **Waiver of Appeal**

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, or the manner in which it was determined, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2.0, or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement. Your client reserves the right to make a collateral attack upon your client's sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.

15.     **Use of Self-Incriminating Information**

The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any

purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

16.     **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 498-610


By:     MATT GRAVES
MICHAEL ATKINSON
Bar No. DC - 481052 (Graves)
Bar No. DC - 430517 (Atkinson)
Assistant United States Attorneys

11

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, Reid H. Weingarten and Brian M. Heberlig. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date:    2 – 2 ʊ – ١٣

_____
Jesse L. Jackson, Jr.
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Jesse L. Jackson, Jr., and fully discussed the provisions of the Agreement with my client. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date:    2 - 2o - 13

_____
Reid H. Weingarten, Esq.
Attorney for the Defendant

Date:    2 - 2 0 – 13

_____
Brian M. Heberlig, Esq.
Attorney for the Defendant