UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 13-cr-58 (ABJ) |
| : | |
| JESSE L. JACKSON, JR., : | |
| : | |
| Defendant. : | |
| : | |

**JOINT STATUS REPORT AND SECOND MOTION
TO STAY GOVERNMENT'S MOTION
TO AMEND ORDER OF FORFEITURE TO
INCLUDE SUBSTITUTE PROPERTY**

The parties jointly move the Court to extend the stay of the government's Motion to Amend Order of Forfeiture to Include Substitute Property. The parties also submit this status report to advise the Court on the status of the forfeiture in this matter.

On February 20, 2013, the defendant pled guilty to Count One of an Information charging Conspiracy to Commit False Statements, Mail Fraud, and Wire Fraud, in violation of 18 U.S.C. § 371. Information, ECF No. 1. The Information stated that upon conviction of the offense in Count One, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation alleged in Count One, and that the United States will seek a forfeiture money judgment in the amount of $750,000.00. The Information provided notice to the defendant that, pursuant to 21 U.S.C. § 853(p), substitute property of the defendant was subject to forfeiture.

On February 20, 2013, this Court entered a Consent Order of Forfeiture ("Consent Order") against the defendant. Consent Order of Forfeiture, ECF No. 12. As part of the Consent Order, the Court entered a forfeiture money judgment against the defendant in the amount of $750,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The Consent Order

provides that this Court shall retain jurisdiction to enforce the Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

On June 28, 2013, the government filed a Motion to Amend Order of Forfeiture to Include Substitute Property ("Motion to Amend"), seeking to forfeit the defendant's interest in two real properties and one bank account: (a) the real property located at 2034 O Street, NW, Washington, DC, 20036 ("the O Street property); (b) the real property located at 2559 East 72nd Street, Chicago, IL, 60649 ("the 72nd Street property); and (c) H Beck, Inc., Account Number XXX-XXXX5986 ("the H Beck Account").  Motion to Amend, ECF No. 41.  After the government filed the Motion to Amend, the defendant advised the government that he would satisfy his forfeiture money judgment within 90 to 180 days from the time of the government's filing and would update the government frequently on his progress throughout that time period.  As such, the parties filed a joint Motion to Stay the Government's Motion to Amend ("First Motion to Stay"), requesting that the Court stay its ruling on the Motion to Amend until October 25, 2013, to permit the defendant to meet his obligation without Court intervention.  First Motion to Stay, ECF No. 44.  On August 2, 2013, the Court granted the stay, and ordered that the parties file a status report by October 25, 2013, advising the Court of the status of any payment towards the forfeiture money judgment.

The parties are now seeking to extend the stay.  The defendant has been unsuccessful in his attempts to satisfy his forfeiture money judgment, and thus has agreed to sell the O Street property, and to use the proceeds of the sale to satisfy his forfeiture money judgment.  The defendant has also agreed to pay $200,000.00 towards his forfeiture money judgment by November 1, 2013.  A portion of the funds that constitute this payment were obtained through

the liquidation of the H Beck Account. As such, the government will not be seeking to forfeit the defendant's interest in the H Beck Account.

In light of this agreement, the parties are requesting that the Court stay its ruling on the Motion to Amend until June 1, 2014, to permit the defendant to fully satisfy his financial obligation without Court intervention.[1] The parties will submit a status report by May 15, 2014, advising the Court of the status of any payment towards the forfeiture money judgment. If the forfeiture money judgment has not been satisfied by that time, the government and the defendant will jointly ask the Court to lift the stay of the Motion to Amend.

Wherefore, the parties respectfully request that the Court stay its ruling on the Motion to Amend until June 1, 2014.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Catherine K. Connelly (Mass. Bar # 649430) | Brian M. Heberlig (D.C. Bar #455381) |
| Anthony Saler (D.C. Bar #448254) | Reid H. Weingarten (D.C. Bar #365893) |
| Assistant United States Attorneys | William L. Drake (D.C. Bar #990244) |
| 555 4th Street, N.W. | Steptoe & Johnson LLP |
| Washington, D.C. 20530 | 1330 Connecticut Avenue, N.W. |
| (202)-252-7732 (Connelly) | Washington, D.C. 20036-1795 |
| (202) 252-6971 (Saler) | (202) 429-3000 |
| Catherine.Connelly2@usdoj.gov | bheberlig@steptoe.com |
| Anthony.Saler@usdoj.gov | rweingarten@steptoe.com |
| | wdrake@steptoe.com |
| | Counsel for Defendant Jesse L. Jackson, Jr. |

---

[1] Pursuant to the plea agreement in this case, items seized from the defendant were to be sold at auction by the United States Marshals Service, and the net proceeds of the sale were to be credited towards the defendant's money judgment. However, because of concerns about the authenticity of some of the items seized, the auction was canceled. The parties agree that none of the items seized will be sold, and the defendant will not receive credit towards his forfeiture money judgment for any of the seized items.